IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MATHEUS LUMBER COMPANY, INC. | § § § | |
| v. | § § | |
| PATRIOT FRAMING, LLC, BAKKEN CONTRACTING COMPANY, INC., individually and doing business as BC CONTRACTING, LLC and NATIONWIDE MUTUAL INSURANCE COMPANY | § § § § § § § | Civil Action No. 7:21-cv-29 |

## COMPLAINT

Comes now the Plaintiff, Matheus Lumber Company, Inc. ("Matheus") and for its Complaint against Patriot Framing, LLC ("Patriot"), Bakken Contracting Company, Inc, individually and doing business as BC Contracting, LLC ("Bakken") and Nationwide Mutual Insurance Company ("Nationwide") would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Matheus Lumber Company, Inc. is a Washington corporation with its principal place of business located in Woodinsville, Washington.

2. Defendant Patriot Framing, LLC is a Texas corporation. Patriot may be served with process by serving said entity's registered agent, United States Corporation Agents, Inc., at said entity's registered address, 9900 Spectrum Drive, Austin, Texas 78717.

3. Defendant Bakken Contracting Company, Inc. is a North Dakota company with its principal place of business in Fargo, North Dakota. Bakken Contracting Company, Inc. may be served with process by serving said entity's registered agent, Corporation Service Company, at said entity's registered address, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Nationwide Mutual Insurance Company is an Ohio corporation authorized to do business in the state of Texas. Nationwide Mutual Insurance Company may be served with process by serving said entity's registered agent, Corporation Service Company, at said entity's registered address, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. 1332 because the amount in controversy exceeds the minimal jurisdiction limits of the Court and there is diversity of citizenship between the plaintiff and each of the defendants.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1391(b)(2) because the matter involves improvements to real property located in Odessa, Texas for which Plaintiff remains unpaid.

### IV. FACTUAL BACKGROUND

7. On or about August 6, 2018, Patriot entered into a Credit Application ("Credit Agreement') with Matheus. A true and correct copy of the Credit Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

8. The Credit Agreement outlines terms which Matheus agreed to extend credit to Patriot for purposes of financing Patriot's purchases of certain materials from Matheus, including lumber and other construction materials on credit for the construction of improvements to real property located at 8101 to 8199 Dorado Drive in Odessa, Texas locally known as the Odessa Grand Apartments (the "Project").

9. Pursuant to the Credit Agreement, Matheus properly delivered construction supplies and submitted invoices to Patriot for those materials. All purchases made by Patriot for materials provided by Matheus were to be made in accordance with the terms and conditions of the Credit Agreement and invoices evidencing Patriot's obligations to Matheus.

10. Despite Matheus repeated demands for payment, Patriot owes Matheus an outstanding balance of at least $1,260,368.51. A true and correct copy of Matheus most current Aged Receivable Detail is attached hereto as **Exhibit B** and is incorporated herein by reference.

11. Patriot is in default under the Credit Agreement by virtue of their failure and refusal to pay these invoices when due. Additionally, the Bakken defendants, as general contractor on the Project, have enjoyed the beneficial use of the materials supplied and is/are likewise liable for the payment of the materials provided by Matheus.

12. Further, under the terms of the Credit Agreement and the invoices, Defendant Patriot's unpaid and overdue balances are subject to a service charge of 1.5% per month (18% annually).

13. Matheus sent invoices for amounts due from Defendants under the Credit Agreement, which are attached hereto as **Exhibit C**. Despite Matheus' good faith actions in attempting to collect the unpaid fees owed by Defendants, they have refused and failed to pay Matheus for the materials it provided.

## V. CAUSES OF ACTION

### COUNT 1 - FORECLOSURE OF MECHANIC'S LIEN/LIEN BOND

14. Matheus incorporates the proceeding paragraphs of this Complaint by reference.

15. As a result of Patriot's nonpayment, pursuant to Chapter 53 of the Texas Property code, Matheus secured mechanic's liens against the Project. Matheus' lien documents were filed with the office of the County Clerk of Ector County, Texas and were recorded under 2020,30514, 2020-33771, and 2020-36299. True and correct copies of the verified affidavits are attached hereto as **Exhibit D**. Additionally, a true and correct copy of all required notices are attached as **Exhibit E**.

16. Matheus seeks a sum no less than $1,260,368.51, which is due and owing, as well as its attorneys' fees and costs pursuant to Section 53.156 of the Texas Property Code (among other grounds). Matheus also seeks foreclosure of its mechanic's lien upon the Project, and the sale of the Project, so the proceeds of sale may be applied to pay Matheus all amounts sought in this petition.

17. On or about November 20, 2020, Nationwide issued a bond purporting to cause the Project to be free of liens and replacing the real property and the Project improvements with the bond, such bond now purportedly securing Matheus' claim (the "Bond"). A copy of the Nationwide bond is attached hereto as **Exhibit F**.

18. To the extent the Bond is valid and the liens imposed by Matheus against the Project have been discharged as the result of the issuance of the Bond, Matheus seeks to enforce its claim in a sum no less than $1,260,368.51 against said Bond.

## COUNT 2 - BREACH OF CONTRACT AGAINST PATRIOT

19. Matheus incorporates the preceding paragraphs by reference as if restated in full herein.

20. Patriot's failure to pay Matheus for its building materials constitute breach of the contract. A true and correct copy of the Credit Agreement is attached hereto as **Exhibit A**. A true and correct copy of the Invoices are attached hereto as **Exhibit C**. As a result of Patriot's breach, Matheus has been damaged.

21. Based upon the terms of the Credit Agreement and the relevant invoices, and Patriot's refusal to pay these invoices, Patriot is liable to Matheus pursuant to the Credit Agreement in the amount of $1,260,368.51.

22. Having failed and refused to tender the amount due under the Credit Agreement, Patriot has breached the terms of the Credit Agreement. Matheus has suffered damages as a result of Patriot's refusal and failure to pay.

23. Accordingly, Matheus demands judgment against Patriot in the amount of $1,260,368.51, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, attorneys' fees, and expenses.

### COUNT 3 - QUANTUM MERUIT AGAINST ALL DEFENDANTS (EXCEPT NATIONWIDE)

24. Matheus incorporates the preceding paragraphs by reference.

25. Matheus provided certain building materials to the Project at Patriot's direct request, but all Defendants, other than Nationwide, either explicitly or implicitly requested such materials be furnished. Such Defendants accepted Matheus' materials without paying for them, and had reasonable notice Matheus expected payment for those materials. As a result of such Defendants' failure to pay, Matheus has been damaged.

26. Because Matheus reasonably expected compensation for the materials provided and the Defendants have benefitted from those materials, Defendants' acceptance of the materials provided without payment proximately damaged Matheus in the amount of $1,260,368.51 for the nonpayment for the materials provided, plus all applicable interest, attorney's fees, and expenses.

### COUNT 4 - PROMPT PAYMENT AND INTEREST AGAINST ALL DEFENDANTS

27. Matheus incorporates the preceding paragraphs by reference.

28. Matheus seeks, and is entitled to, prompt-payment interest as expressly provided by Chapter 28 of the Texas Property Code.

## COUNT 5 - SUIT ON SWORN ACCOUNT

29. Matheus incorporates the preceding paragraphs as if fully set forth herein.

30. Matheus would show it is entitled to recover damages under an action for suit on sworn account. Matheus provided materials to Defendant Patriot on account. Patriot accepted those materials and therefore became bound to pay Matheus its designated charges, which were according to the terms of the Credit Agreement between Matheus and Patriot and/or were usual, customary, and reasonable prices. Attached as **Exhibit C**, and incorporated herein by reference as if fully set forth herein, are the unpaid invoices on the account. This account represents a series of transactions for which a systematic record has been kept. The invoices for services attached as **Exhibit C** comprise a record of the account, which accurately sets forth the services, dates of performance, and materials provided by Matheus along with the corresponding invoices which reflected a systematic record of the transaction. Attached as **Exhibit B** is Plaintiff's account detail setting out each transaction, including all payments and credits.

31. Patriot has failed to make full payments on the invoices and therefore have defaulted. This claim is just and true, it is due and unpaid, and all lawful and just offsets, payments, and credits have been allowed. An affidavit on sworn account is attached as **Exhibit G** to this Complaint and incorporated by reference as if fully set forth herein. Matheus seeks liquidated damages in the amount set forth in the unpaid invoices of $1,260,368.51. Matheus also seeks recovery of prejudgment and post-judgment interest under a theory of suit on sworn account, as well as its costs of court and reasonable and necessary attorneys' fees.

## VI. ATTORNEYS' FEES AND EXPENSES

32. The preceding paragraphs of this Complaint are incorporated by reference as if restated in full herein.

33. This claim was timely presented to Defendants and remains unpaid. Additionally, multiple written demands were sent, which are attached hereto as **Exhibits C and E**. As a result of Defendants' failure to pay under the terms of the Credit Agreement and invoices, Matheus has retained the undersigned attorney to prosecute this claim. Matheus has incurred to date and will continue to incur in the future, costs, associated with the prosecution of this litigation including attorney's fees. Matheus seeks payment of reasonable and necessary attorney's fees as allowed by Texas Civil Practice and Remedies Code §38.001, et seq. and Chapter 53 of the Texas Property Code.

## VII. CONDITIONS PRECEDENT

34. All conditions precedent to Matheus' right to recovery have occurred and have been fully performed, and Matheus is entitled to the relief requested herein.

## VIII. CONTROL GROUP

35. Whenever in this pleading it is alleged any individual or entity did any act or omission, it is meant the individual or entity, its officers, agents, servants, employees, or representatives did such act or omission, and at the time such act or omission was done, it was done with the full authorization and ratification of the individual or entity, or it was done in the normal and routine course and scope of employment with the individual or entity, is officers, agents, servants, employees or representatives, with actual or apparent authority.

## IX. PRAYER FOR RELIEF

36. WHEREFORE, PREMISES CONSIDERED, Matheus respectfully requests judgment be entered in its favor and against Defendants as follows:

- Foreclosure of Matheus' mechanic's lien and the sale of the Project and the real property upon which it is located;

- Actual damages in an amount to be proven at trial;

- Prompt-payment interest as provided by Chapter 28 of the Texas Property Code;

- Pre-judgment and post-judgment interest as allowed by law;

- Reasonable attorneys' fees and costs as provided by Chapter 38 of the Texas Civil Practice & Remedies Code, Chapter 53 of the Texas Property Code and the Credit Agreement; and

- All other and further relief to which Matheus may show itself justly entitled.

Respectfully Submitted,

By: */s/ Melissa Vest*
**Bradley E. Chambers**
Texas Bar No.: 24001860
bchambers@bakerdonelson.com
**Melissa Vest**
Texas Bar No. 24096002
mvest@bakerdonelson.com
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile

**ATTORNEYS FOR PLAINTIFF MATHEUS LUMBER COMPANY, INC.**